# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

**Fill in this information to identify your case:**

Debtor 1: ELISABETH ANNE MANNING
Name: First Middle Last

Debtor 2: 
(Spouse, if filing) Name: First Middle Last

Case number: 22-70475
(If known)

Check if this is an amended plan ✓
Amends plan dated: 12/07/2022

# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

- ☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.
- ☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, as set out in Part 3, § 3.4.
- ☑ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$ 475.00    per MONTH    for 60    months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2 Regular payments to the trustee will be made from future income in the following manner** *(check all that apply):*

- ☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

- ☑ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment)

Debtor(s): ELISABETH ANNE MANNING    Case number: 22-70475    Eff (01/01/2019)

## 2.3 Income tax refunds and return. Check one.

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

## 2.4 Additional Payment. Check all that apply.

☑ None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## 2.5 Adequate Protection Payments.

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. Check one.

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| NATIONSTAR MORTGAGE LLC | HOMESTEAD REAL PROPERTY 14923 SHILOH RD. RALPH AL 35480 ESTATE OF ELSIE R. MCCRACKEN | $54,780.68 | $549.00 Disbursed by: Debtor(s) To begin: JAN 2023 | $19,242.33 | 24 | $356.34 | MONTH 3 AFTER CONFIRMATION |
| NATIONSTAR MORTGAGE LLC / POST-PETITION ARREARS | HOMESTEAD REAL PROPERTY 14923 SHILOH RD. RALPH AL 35480 ESTATE OF ELSIE R. MCCRACKEN | $3,300.00 | $0.00 Disbursed by: Debtor(s) To begin: SEE ABOVE | $3,300.00 | 6 | $62.00 | MONTH 3 AFTER CONFIRMATION |

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. Check one.

☑ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

### 3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. Check one.

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.

☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $ 3,150.00. The amount of the attorney fee paid prepetition is $ 0.00.

The balance of the fee owed to Debtor(s)' attorney is $ 3,150.00, payable as follows (*check one*):

☑ $ AO 22-04 AVAILABLE FUNDS    at confirmation and $ 420.00/mo for 2 mos; then $5.00 per month thereafter until paid in full, or

☐ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**
Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2 Percentage, Base, or Pot Plan.** *Check one.*

☑ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.

☐ **Percentage Plan.** This plan proposes to pay _____ % of each allowed nonpriority unsecured claim.

☐ **Pot Plan.** This plan proposes to pay $ _____, distributed pro rata to holders of allowed nonpriority unsecured claims.

☐ **Base Plan.** This plan proposes to pay $ _____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 The executory contracts and unexpired leases listed below are rejected.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of Estate

**8.1 Property of the estate will vest in Debtor(s)** *(check one):*

☑ Upon plan confirmation.

☐ Upon entry of Discharge.

## Part 9: Nonstandard Plan Provisions

☐ **None**. *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

☑ **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

Nationstar Mortgage LLC: Debtor proposes to pay and cure certain POST-PETITION arrears by a fixed monthly payment through the Plan as set out above in Part 3.1. The Debtor will file a Proof of Claim on Creditor's behalf if necessary.

## Part 10: Signatures

**Signature(s) of Debtor(s)** (*required*):

✗ *Elisabeth Anne Manning*
Elisabeth Anne Manning (Jan 20, 2023 13:08 CST)        Date  Jan 20, 2023

✗ _____        Date

**Signature of Attorney for Debtor(s):**    ✗  /s/ Kathryn L. Bettis        Date  1/20/2023

Name/Address/Telephone/Attorney for Debtor(s):

Kathryn L. Bettis
Bettis & Associates, LLC
1320 22nd Avenue
Tuscaloosa, AL 35401
205-553-3200
notices@bettisllc.com

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 20, 2023, I served a copy of the foregoing on the following parties by hand delivery or depositing a copy into the United States Mail or, when available, by electronic mail or via ECF.

C. David Cottingham
Via ECF electronic noticing to dcottingham@ch13tuscaloosa.com

All Parites on ECF Matrix
VIA US MAIL

                                            /S/ Kathryn L. Bettis
                                            Counsel for Debtor

Case 22-70475-JHH13    Doc 41    Filed 01/20/23    Entered 01/20/23 13:34:13    Desc Main
Document      Page 6 of 7

| Label Matrix for local noticing | U. S. Bankruptcy Court | COMMUNITY LOAN SERVICING LLC |
| --- | --- | --- |
| 1126-7 | 2005 University Blvd., Room 2300 | JOEL GOLDMAN CO-CEO |
| Case 22-70475-JHH13 | Tuscaloosa, AL 35401-1546 | 4425 PONCE DE LEON BLVD 4TH FL |
| NORTHERN DISTRICT OF ALABAMA | | Miami, FL 33146-1839 |
| Tuscaloosa | | |
| Fri Jan 20 13:26:55 CST 2023 | | |
| COMMUNITY LOAN SERVICING LLC | Internal Revenue Service | (p)NATIONSTAR MORTGAGE LLC |
| REG. AGENT: CORP. SERVICE CO., INC. | Centralized Insolvency Operation | PO BOX 619096 |
| 641 SOUTH LAWRENCE STREET | PO Box 7346 | DALLAS TX 75261-9096 |
| Montgomery, AL 36104-5809 | Philadelphia, PA 19101-7346 | |
| (p)STATE OF ALABAMA DEPARTMENT OF REVENUE | US Attorney General | US Attorney for Northern District of AL |
| P O BOX 320001 | US DEPT of Justice | 1801 Fourth Ave. N |
| MONTGOMERY AL 36132-0001 | 950 Pennsylvania Ave | Birmingham, AL 35203-2101 |
| | Washington, DC 20530-0009 | |
| C David Cottingham | Elisabeth Anne Manning | Kathryn Lila Bettis |
| Chapter 13 Standing Trustee | 14923 Shiloh Road | Bettis & Associates LLC |
| 701 22nd Avenue, Suite 4 | Ralph, AL 35480-9073 | 1320 22nd Avenue |
| P O Drawer 020588 | | Tuscaloosa, AL 35401-2938 |
| Tuscaloosa, AL 35402-0588 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Nationstar Mortgage LLC | State of Al Dept of Revenue | (d)State of Alabama |
| --- | --- | --- |
| Attn: Bankruptcy Dept | Legal Division | Department of Revenue |
| PO Box 619096 | PO Box 320001 | 50 North Ripley Street |
| Dallas, TX 75261-9741 | Montgomery, AL 36132-0001 | Montgomery, AL 36132 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)Community Loan Servicing, LLC, a Delaware | (u)Nationstar Mortgage LLC D/B/A Mr. Cooper | (u)Nationstar Mortgage, LLC |
| --- | --- | --- |

End of Label Matrix
Mailable recipients    11
Bypassed recipients     3
Total                  14